IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CR-181-BO

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NATHANIEL R. WEBB | ) | |

This cause comes before the Court on defendant Nathaniel R. Webb's notice of removal of this criminal prosecution from the Superior Court of Wake County, North Carolina pursuant to 28 U.S.C. § 1455. For the reasons that follow, this action is summarily remanded.

## BACKGROUND

The notice of removal of a criminal prosecution was filed in this Court on May 14, 2018. [DE 1]. In the notice of removal, Webb alleges that he is currently being prosecuted in Wake County Superior Court and has not yet been arraigned. He alleges that he was arrested on October 12, 2016, was subsequently indicted on a charge of felonious intentional infliction of serious bodily injury, and has been assigned four court appointed attorneys. *See* [DE 1 at 8-12]. The bases for removal proffered by Webb are (1) extreme conflict of interest with the state's prosecutor which has resulted in a number of due process violations rendering a fair trial impossible in state court; (2) the state's failure to ensure that Webb has been provided with effective assistance of counsel; (3) issues surrounding territorial, personal, and subject matter jurisdiction resulting in the inability to ascertain proper trial venue; and (4) an improperly returned grand jury indictment.

DISCUSSION

28 U.S.C. § 1455 provides the procedure for removal of criminal prosecutions from a state court to a United States District Court. Such notice of removal must be filed either within thirty days of arraignment or at any time before trial, whichever is earlier, and must include all grounds for removal. 28 U.S.C. § 1455(b)(1)-(2). The district court must examine the notice of removal promptly and order summary remand if it clearly appears on the face of the notice that removal was improper. *Id.* at § 1455(b)(4).

At the outset, the Court notes that federal courts are courts of limited jurisdiction and removal jurisdiction is to be strictly construed. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal of a criminal prosecution is proper under three circumstances: where the defendant is a federal agency or officer acting under color of such office or status, where the defendant is a member of the military acting under color of such office or status, or where the defendant alleges that he has been denied or cannot enforce in state court a right under any law providing for equal rights of citizens. *See* 28 U.S.C. §§ 1442; 1442a; 1443.

Webb has not alleged that he is a federal officer or that he is a member of the military. Even liberally construed, Webb has further failed to allege that he faces the denial of equal rights in the state proceeding. Although Webb contends that he has been denied due process, "the phrase 'any law providing for * * * equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *State of Ga. v. Rachel*, 384 U.S. 780, 792 (1966) (alteration in original). Claims of the denial of rights under the Due Process Clause of the Fourteenth Amendment will not support removal under § 1455. *Id.*

## CONCLUSION

Accordingly, as Webb has failed to demonstrate on the face of the notice that removal of this criminal proceeding is proper, the Clerk of Court shall REMAND this action to the Superior Court of Wake County, North Carolina.

SO ORDERED, this \_\_\_ day of May, 2018.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE