IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CR-181-BO

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NATHANIEL R. WEBB | ) | |

This cause comes before the Court on defendant Nathaniel R. Webb's motion for reconsideration. For the reasons that follow, the motion is denied.

## BACKGROUND

On May 14, 2018, Webb, proceeding *pro se*, filed a notice of removal of a criminal prosecution from the Superior Court of Wake County, North Carolina pursuant to 28 U.S.C. § 1455. [DE 1]. This Court summarily remanded the matter to Wake County Superior Court by order entered May 16, 2018. [DE 2]. In its remand order, the Court held that Webb had failed to show on the face of the notice of removal that he faced the denial of equal rights in his state proceeding, as he had failed to show that he faced denial of any right under a law stated in terms of racial equality. [DE 2] (citing *State of Ga. v. Rachel*, 384 U.S. 780, 792 (1966)).

Webb now seeks reconsideration of this Court's remand order, arguing that the Court failed to address his arguments related to the alleged denial of Webb's right to counsel. Webb argues that nothing in 28 U.S.C. § 1443 requires a showing of racial inequality and that equal civil rights extends to the right to counsel, regardless of the defendant's race.

## DISCUSSION

28 U.S.C. § 1443 provides for removal of a state criminal proceeding to federal district court where the defendant alleges that he has been denied or cannot enforce in state court a right under any law providing for equal rights of citizens. 28 U.S.C. § 1443(1). However,

> [i]t is not enough to support removal under s 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be 'denied or cannot enforce in the courts' of the State any right under a federal law providing for equal civil rights. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under s 1443(1), the vindication of the defendant's federal rights is left to the state courts *except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.*

*City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827–28 (1966) (emphasis added); *see also South Carolina v. Grace*, 234 F. App'x 103, 104 (4th Cir. 2007) ("Removal is limited to rare situations in which a defendant has been denied or cannot enforce the right to racial equality in the state courts.").

Webb has provided in his motion no basis upon which it could be clearly predicted that his federal rights will not be enforced during his state prosecution, or that he is being denied the right to racial equality in state court. As Webb correctly contends, the Sixth Amendment's right to counsel applies irrespective of race, and § 1443(1) removals are "confined to laws providing for specific civil rights stated in terms of racial equality." *Delavigne v. Delavigne*, 530 F.2d 598, 600 (4th Cir. 1976). Moreover, Webb has not demonstrated that any alleged denial of his right to

2

counsel cannot be redressed by the North Carolina state courts, including the North Carolina Court of Appeals. *Id.*

Webb has therefore provided no basis which would require this Court to reconsider its prior order or alter or amend its judgment. *See* Fed. R. Civ. P. 59(e); *see also Bogart v. Chappell*, 396 F.3d 548, 555 (4th Cir. 2005) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1996)) (circumstances justifying amendment or alteration of judgment are limited to (1) accommodation of an intervening change in the law, (2) incorporation of new evidence which was unavailable when the court made its decision, and (3) correction of a clear legal error or prevention of manifest injustice.).

## CONCLUSION

Accordingly, the motion for reconsideration [DE 3] is DENIED.

SO ORDERED, this 24 day of June, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3